■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME ROBERTSON, Appellant. [700 NYS2d 874] —Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered August 24, 1998, convicting defendant upon his plea of guilty of the crime of conspiracy in the fourth degree.

On June 8, 1998, defendant pleaded guilty to one count of

conspiracy in the fourth degree. Defendant's guilty plea was conditioned on the People recommending that he be sentenced as a second felony offender to a term of $1\frac{1}{2}$ to 3 years in prison. Notably, in accepting defendant's plea, County Court made no specific promises and advised defendant that it was reserving all sentencing options. County Court thereafter sentenced defendant to 2 to 4 years in prison. Defendant now argues that this sentence was harsh and excessive and should be reduced in the interest of justice.

"[W]here a sentence is within permissible statutory ranges, it shall not be disturbed unless the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (*People v Jiminez*, 260 AD2d 723, 724). Here, we find no abuse of discretion in County Court's imposition of the sentence, which was consistent with the relevant statutory requirements and within the parameters set by the court. Nor do we find, upon our review of the record, any reason to disturb the sentence imposed in the interest of justice (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

Cardona, P. J., Crew III, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.